# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEBORAH SOUZA,<br><br>Plaintiff,<br><br>v.<br><br>EMBRACE HOME LOANS, INC., DENNIS HARDIMAN, KURT NOYCE, and ROBERT LAMY,<br><br>Defendants. | Case No. 22-cv-00453-JJM-PAS<br><br>Hon. John J. McConnell |

## JOINT MOTION TO EXTEND CASE SCHEDULE

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff-Relator Deborah Souza and Defendants Embrace Home Loans, Inc., Dennis Hardiman, Kurt Noyce, and Robert Lamy (collectively, the "Parties") jointly move to extend the current case schedule by approximately seven months. In support of their motion, the Parties state as follows:

1. On October 10, 2023, the Court reset the operative case deadlines and established the following new deadlines:

- Factual discovery to be completed by December 29, 2023;
- Plaintiff expert disclosures shall be made by February 12, 2024;
- Defendant expert disclosures shall be made by March 13, 2024;
- All expert discovery to be completed by April 29, 2024; and
- Dispositive motions to be filed by June 13, 2024.

2. The Parties have been, and continue to be, diligently engaged in discovery. Among other things, the Parties have (1) negotiated and submitted a stipulated confidentiality order (Dkt.

Nos. 49 & 51); (2) negotiated and submitted a stipulated ESI order (Dkt. Nos. 93 & 94); (3) exchanged Rule 26(f)(1) initial disclosure statements; (4) served written discovery requests; (5) served initial responses and objections to those discovery requests; (6) discussed the appropriate parameters for the collection, review, and production of electronically stored information ("ESI"); (7) collected some relevant documents and information for exchange, including Embrace's recent collection, review, and production of hundreds of sample loan files with accompanying loan origination system database data and file metadata; and (8) engaged in limited discovery motion practice (e.g., Dkt Nos. 100-102).

3. Nonetheless, this is a complex matter and a substantial amount of discovery still needs to be completed. For example, the Parties are still engaged in extensive document collection, review, and production. These efforts require a considerable amount of time and resources due to the nature of the allegations and issues at stake in this litigation. In addition to ongoing written discovery, the Parties are also in the process of scheduling depositions, none of which have occurred yet.

4. To provide adequate time to complete discovery, the Parties jointly propose extending the current case deadlines as follows:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Factual discovery to be completed | December 29, 2023 | July 26, 2024 |
| Plaintiff expert disclosures shall be made | February 12, 2024 | September 18, 2024 |
| Defendant expert disclosures shall be made | March 13, 2024 | October 16, 2024 |
| All expert discovery to be completed | April 29, 2024 | November 22, 2024 |
| Dispositive motions to be filed | June 13, 2024 | January 16, 2025 |

5. As shown in the above chart, the Parties' proposed modified schedule would maintain materially the same intervals between deadlines as those in the current case schedule.

6. Given the Parties' diligent discovery efforts, along with the anticipated scope of discovery that still needs to be conducted, the Parties agree that there is good cause for the requested modification to the case schedule. *See e.g., Parker Waichman LLP v. Salas LC*, 328 F.R.D. 24, 27 (D.P.R. 2018) (finding good cause and granting motion to extend discovery where the moving party had acted diligently); *Gouin v. Nolan Assocs., LLC*, 325 F.R.D. 521, 523–24 (D. Mass. 2017) (same).

7. Finally, a trial date has not been set, no Party will be prejudiced by the above-proposed modified deadlines, and this joint motion is not made for the purpose of delay or any other improper purpose.

For all of the foregoing reasons, the Parties jointly request the Court to extend the current case schedule and adopt the Parties' proposed modified deadlines.

Dated: December 8, 2023

*/s/ Samuel J. Buffone, Jr.*
Samuel J. Buffone, Jr.
(admitted per local Rule 201 (b)(5))
Michael DeJesus
Buffone Law Group PLLC
4301 Connecticut Avenue, N.W., Suite 310
Washington D.C., 20008
Telephone: (202) 997-8562
E-mail: sam@buffonelawgroup.com
E-mail: michael@buffonelawgroup.com

J. Nelson Thomas
(admitted per local Rule 201 (b)(5))
Jonathan W. Ferris
(admitted per local Rule 201 (b)(5))
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
Email: nthomas@theemploymentattorneys.com
Email: jferris@theemploymentattorneys.com

*Attorneys for Plaintiff-Relator Deborah Souza*

Respectfully submitted,

*/s/ Michael R. Creta*
Christopher L. Nasson (admitted *pro hac vice*)
Michael R. Creta (#9535)
K&L Gates LLP
1 Congress Street, Suite 2900
Boston, MA 02114
Tel. 617.261.3100
Fax  617.261.3175
christopher.nasson@klgates.com
michael.creta@klgates.com

John H. Lawrence (admitted *pro hac vice*)
K&L Gates LLP
430 Davis Drive, Suite 400
Research Triangle Park, North Carolina 27560
Tel. 919.466.1112
Fax 919.831.7040

Constantinos G. Panagopoulos
(admitted per LR Gen 201(b)(5))
Christopher A. Hatfield
(admitted per LR Gen 201(b)(5))
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone:  202-661-2200
Facsimile: 202-661-2299
E-mail: cgp@ballardspahr.com
E-mail: hatfieldc@ballardspahr.com

*Attorneys for Defendants Embrace Home Loans, Inc., Dennis Hardiman, Kurt Noyce, and Robert Lamy*

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 8th day of December, 2023, I caused a true and correct copy of the foregoing Joint Motion to Extend Case Schedule to be filed via the CM/ECF system, which will send a copy to all counsel of record.

                                      /s/ *Michael R. Creta*
                                      Michael R. Creta