## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ex rel. DEBORAH SOUZA,<br><br>*Plaintiff*,<br><br>v.<br><br>EMBRACE HOME LOANS, INC., DENNIS HARDIMAN, KURT NOYCE, and ROBERT LAMY,<br><br>*Defendants*. | Case No. 1:22-cv-00453-JJM-PAS<br><br>ORAL ARGUMENT REQUESTED |

### RELATOR DEBORAH SOUZA'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER TO THE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ........................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................ 1

ARGUMENT ..................................................................................................... 4

I.  LEAVE TO AMEND SHOULD BE DENIED BECAUSE EACH OF THE PROPOSED DEFENSES IS FUTILE ........................................................ 4

   A.  Leave to amend to add the statute of limitations defense is futile because the Court already struck that defense and did not grant Embrace's request for leave to replead ................................................................. 5

   B.  The statute of limitations defense is also futile on the additional grounds that Embrace has failed to properly plead the required elements of the defense ........................................................................................ 6

   C.  The good faith defense is futile because it is not an affirmative defense .................................................................................................................. 7

   D.  Embrace cannot assert an affirmative defense of government knowledge, ratification, and estoppel because such defenses are futile ...................... 8

       1.  "Government knowledge" is no longer a defense under the FCA, and even if it were, Embrace has failed to sufficiently allege that it provided full disclosure of its fraudulent schemes to the Department of Justice ....... 8

       2.  Ratification is unavailable as an affirmative defense in an FCA action, and in any event, Embrace has failed to plead the required elements . 10

       3.  The equitable estoppel is futile because it is unavailable as an affirmative defense in an FCA action and even if it were, Embrace has failed to allege the facts necessary for the defense to apply ......................................... 11

   E.  The mitigation defense is futile because it cannot be asserted as an affirmative defense in an FCA action ..................................................... 12

   F.  Embrace's Fifth Affirmative Defense regarding the mere denial of liability and damages is futile because it is not an affirmative defense .............. 13

II.    LEAVE TO AMEND SHOULD FURTHER BE DENIED BECAUSE EACH OF THE PROPOSED DEFENSES FAILS TO MEET THE REQUIRED RULE 8 PLEADING STANDARD SET BY THIS COURT .................................................. 14

III.    ANY FURTHER REQUESTS FOR LEAVE TO REPLEAD SHOULD BE DENIED ........................................................................................................................ 18

CONCLUSION ................................................................................................................ 18

## TABLE OF AUTHORITIES

**Cases**                                                                                 **Page(s)**

*Amyndas Pharms., S.A. v. Zealand Pharma A/S,*
  48 F.4th 18 (1st Cir. 2022) ................................................................... 4

*Arizona v. California,*
  460 U.S. 605 (1983) ......................................................................... 5

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ......................................................................... 16

*Boldstar Tech., LLC v. Home Depot, Inc.,*
  517 F. Supp. 2d 1283 (S.D. Fla. 2007) ................................................. 14

*Cochise Consultancy, Inc. v. United States ex rel. Hunt,*
  139 S. Ct. 1507 (2019) ................................................................... 6, 7

*Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of United States, Inc.*
  233 F.3d 24 (1st Cir. 2000) ............................................................... 18

*Fishman v. Tiger Nat. Gas Inc.,*
  No. C 17-05351 WHA, 2018 WL 4468680 (N.D. Cal. Sept. 18, 2018) ............. 7

*In re Jensen,*
  200 B.R. 5 (Bankr. D.N.H. 1996) ....................................................... 12

*Jana, Inc. v. United States,*
  34 Fed. Cl. 447 (1995) ..................................................................... 6

*Mimiya Hosp., Inc. SNF v. U.S. Dep't Of Health And Hum. Servs.,*
  331 F.3d 178 (1st Cir. 2003) ............................................................. 12

*Naser Jewelers, Inc. v. City of Concord, N.H.,*
  538 F.3d 17 (1st Cir. 2008) ............................................................... 5

*Office of Personnel Mgmt. v. Richmond,*
  496 U.S. 414 (1990) ....................................................................... 11

*Osinek v. Permanente Med. Grp., Inc.,*
  Case No. 13-CV-03891-EMC, 2023 WL 8811810 (N.D. Cal. Dec. 19, 2023) ...... 11

*Schatz v. Republican State Leadership Comm.,*
  669 F.3d 50 (1st Cir. 2012) ......................................................15, 16, 17

*Scott Griffith Collaborative Sols., LLC v. Falck N. Cal. Corp.*,
    Case No. 19-CV-06104-SBA, 2021 WL 4846935 (N.D. Cal. June 7, 2021) ....................... 7

*Toepleman v. United States*,
    263 F.2d 697 (4th Cir. 1959) ............................................................................ 12

*United States ex rel. Pub. Integrity v. Therapeutic Tech. Inc.*,
    895 F. Supp. 294 (S.D. Ala. 1995) ...................................................................... 14

*United States ex rel. Spay v. CVS Caremark Corp.*,
    No. CIV. A. 09-4672, 2013 WL 1755214 (E.D. Pa. Apr. 24, 2013) ................................. 10

*United States ex rel. Burlbaw v. Orenduff*,
    548 F.3d 931 (10th Cir. 1998) ........................................................................ 8, 9

*United States ex rel. Dye v. ATK Launch Sys., Inc.*,
    No. 06-cv-39, 2008 WL 4642164 (D. Utah Oct. 16, 2008) ............................................ 10

*United States ex rel. Frey v. Health Mgmt. Sys., Inc.*,
    No. 3:19-CV-0920-B, 2021 WL 4502275 (N.D. Tex. Oct. 1, 2021) ................................... 6

*United States ex rel. Garrison v. Crown Roofing Servs., Inc.*,
    No. H-07-1018, 2011 WL 4914971 (S.D. Tex. Oct. 14, 2011) ........................................ 13

*United States ex rel. Lujan v. Hughes Aircraft Co.*,
    243 F.3d 1181 (9th Cir. 2001) ........................................................................... 8

*United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp. at Hamilton*,
    No. 02-5702, 2009 WL 4576097 (D. N.J. Dec. 1, 2009) ......................................... 11, 12

*United States ex rel. Poehling v. UnitedHealth Grp., Inc.*,
    No. CV 16-8697-MWF (SSX), 2019 WL 2353125 (C.D. Cal. Mar. 28, 2019) ............ 9, 10

*United States v. Assocs. in Eye Care, P.S.C.*,
    No. 13-cv-27-GFVT, 2014 WL 12606508 (E.D. Ky. Nov. 14, 2014) ......................... 9, 10

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
    No. C05-0058RSL, 2011 WL 6300174 (W.D. Wash. Dec. 16, 2011) ............................. 14

*United States v. Cushman & Wakefield, Inc.*,
    275 F. Supp. 2d 763 (N.D. Tex. 2002) ................................................................. 10

*United States v. HCR Manor Care, Inc.*,
    No. 09-cv-00013, 2015 WL 11117429 (E.D. Va. Dec. 9, 2015) ...................................... 13

*United States v. Hemmen,*
   51 F.3d 883 (9th Cir. 1995)....................................................................... 12

*United States v. Honeywell Int'l, Inc.,*
   841 F. Supp. 2d 112 (D.D.C. 2012) .................................................... 10, 12

*United States v. Ogden,*
   No. 20-CV-01691-DMR, 2021 WL 858467 (N.D. Cal. Mar. 8, 2021)............................. 8

*United States v. United Techs. Corp.,*
   950 F. Supp. 2d 949 (S.D. Ohio 2013)........................................................ 13

*United States v. Inc. Village of Island Park,*
   888 F. Supp. 419 (E.D.N.Y. 1995) ........................................................... 11

*United States v. Villaspring Health Care Ctr., Inc.,*
   No. 3:11-43-DCR, 2011 WL 6337455 (E.D. Ky. Dec. 19, 2011) ...................................... 9

*Wayne Inv., Inc. v. Gulf Oil Corp.*
   739 F.2d 11, 15 (1st Cir. 1984) .............................................................. 18

*Zivkovic v. S. Cal. Edison Co.,*
   302 F.3d 1080 (9th Cir. 2002) ............................................................... 13

**Statutes**

31 U.S.C. § 3729 ............................................................................. 1

31 U.S.C. § 3730 ............................................................................. 1

31 U.S.C. § 3731(b)(2)........................................................................ 6

**Other Authorities**

6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022) ................................................ 4

S. Rep. No. 345, 99th Cong., 2d Sess. 30 (1986), reprinted in 1986 U.S.C.C.A.N. 5266 ..... 6

## PRELIMINARY STATEMENT

Defendants' Embrace Home Loans, Inc., Dennis Hardiman, Kurt Noyce, and Robert Lamy (collectively "Embrace") move for leave to file five affirmative defenses. Each of the proposed defenses fail for multiple reasons. First, the statute of limitations defense, which has already been struck by this Court, and the Court did not grant Embrace leave to replead that defense despite Embrace's request that the Court do so. Second, leave to amend would be futile because each proposed defense is either: (1) not an actual affirmative defense; (2) not an affirmative defense that can be raised in a False Claims Act case such as this; or (3) because Embrace fails to plead the necessary facts to sustain the required elements of the affirmative defense. Third, while the Court previously ruled that a Rule 8 pleading standard would apply to Embrace's affirmative defenses in this case where the allegations have been known to Embrace for more than a year, Embrace has ignored that ruling, and continues to plead its defenses in generic and conclusory terms, and without factual support demonstrating the applicability of each defense.

As a result, Embrace's motion must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Relator Debora Souza filed this action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* on February 14, 2019. ECF No. 1. Pursuant to its statutory obligations as the sole authority to investigate False Claims Act cases under 31 U.S.C. § 3730, the Attorney General, via the Department of Justice ("DOJ"), investigated the matter. Defendants do not allege, nor does anything in the record reflect that the DOJ was notified about Embrace's fraud on the FHA and HUD until after Relator filed this action.  After the government declined to

intervene, the case was unsealed on April 27, 2022. ECF No. 25. Counsel for each of the defendants filed notices of appearances in this action on June 23, 2022. ECF No. 32.

Embrace sought to dismiss the complaint in its entirety. *See* ECF No. 86. As part of its motion, Embrace articulated the well-known Rule 8 pleading standards that mere recitals of elements and conclusory allegations are not to be credited. *See* ECF No. 86 at *6 ("Statements in [a pleading] that amount to threadbare recitals of the elements of a cause of action as well as bald assertions, subjective characterizations and legal conclusions are to be disregarded.") (citations and internal quotations omitted). To meet those requirements of Rule 8, Relator's Second Amended Complaint laid out in detail how Embrace's policies and practices resulted in the violation of HUD's rules and regulations and led to the creation and submission of false claims to the United States. ECF No. 97 at ¶ 232. Embrace also sought to dismiss Relator's claims on the grounds that some of the claims were time barred as outside of the statute of limitations. ECF No. 86 at *28-32.

Finding that Relator's complaint met the pleading requirements of Rules 8(a) and 9(b), the Court denied Embrace's Motion to Dismiss in its entirety.[1] *See* ECF No. 96. Additionally, the Court rejected Embrace's statute of limitations argument and noted that the FCA provides a statute of limitations period of up to ten years. *Id.* at *13-16.

Embrace subsequently filed their answer to Relator's Second Amended Complaint on July 31, 2023. *See* ECF No. 99. Despite previously losing on the statue of limitations defense presented in its Motion to Dismiss, Embrace again raised a statute of limitations affirmative defense, along with laches and waiver defenses in its answer.[2] *Id*. Unlike the painstaking detail

---

[1]    After the Court ruled on Embrace's Motion to Dismiss, Relator filed the Second Amended Complaint on July 3, 2023 to correct a single typographical error.

[2]    Waiver was repeated twice.

that existed in Relator's Second Amended Complaint, Embrace's answer only stated the name of the defense and in conclusory terms. *Id.* Although Embrace subsequently argued that it was permitted to plead the affirmative defenses in such a manner, this Court later rejected that argument. *See* ECF No. 104; October 10, 2023 Order.

Relator subsequently moved on September 11, 2023 to strike each of Embrace's affirmative defenses on the grounds that they did not meet the required pleading standard under *Iqbal/Twombly*. *See* ECF No. 103. Embrace responded by both opposing Relator's motion and also requesting, in the alternative, that the Court grant Embrace leave to replead its defenses if it found them deficient. *See* ECF No. 103.

Just hours after Relator filed her reply brief in further support of her Motion to Strike the affirmative defenses, the Court granted in whole Relator's motion on October 10, 2023. *See* October 10, 2023 Order. As a result, the statute of limitations affirmative defense was struck. *Id*. Although Embrace had argued in opposing the motion that the *Twombly/Iqbal* pleading standard and Rule 8 did not apply to their affirmative defenses, the Court disagreed with that argument and given that a year had passed since Embrace had received the complaint, Embrace was required to meet the Rule 8 pleading standards, i.e., the standards that apply in federal court and are discussed in *Iqbal/Twombly*. *See* ECF No. 104; October 10, 2023 Order.

Significantly, the Court's Order did not grant Embrace's request for leave to replead the affirmative defenses. *See* October 10, 2023 Order. Embrace did not seek reconsideration or appeal of that Order, including the Court's refusal to grant their request to replead the SOL defense.

Embrace remains undeterred by the Court's requirement that any affirmative defense be plead in accordance with the Rule 8 requirements, and is equally undeterred by the fact that

the Court rejected its statute of limitations defense and without leave to replead despite Embrace's request for that relief. While nothing had changed after the October 10, 2023 Order, Embrace decided to do exactly what the Court did not grant it permission to do, namely, move the Court some two months later to replead the statute of limitations defense, which Embrace did on December 12, 2023. *See* ECF No. 114. In addition to its already-struck statute of limitations defense, Embrace also seeks to add four other "affirmative defenses" that it never even bothered to raise in its answer filed on July 31, 2023: (1) good faith; (2) government knowledge, ratification, and estoppel; (3) failure to mitigate; and (4) that Embrace did not commit any underwriting errors, and if it did, the errors were not the result of fraud and that Embrace is only required to indemnify FHA for violations of its underwriting rules. *See* ECF No. 114-1.

## ARGUMENT

### I.    LEAVE TO AMEND SHOULD BE DENIED BECAUSE EACH OF THE PROPOSED DEFENSES IS FUTILE

While Embrace's request for leave to amend can be denied in any number of ways (including, as discussed *infra* at Point II, Embrace's wholesale failure to plead its affirmative defenses with the pleading standard already ordered by this Court), leave to amend can be immediately be denied because each of Embrace's proposed defenses is futile. Denial of leave to amend based on futility is warranted if the proposed amendment is "either frivolous or contains some fatal defect." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022)).

Here, each of Embrace's proposed defenses are futile. First, as to the replead statue of limitations defense, that defense is futile because this Court already struck that defense in its

October 10, 2023 Order and the Court did not grant Embrace leave to replead. Second, all of the defenses (including the statute limitations one) fail as a matter of law because either: (1) the defense is not actually an affirmative defense; (2) the defense cannot be brought against the United States in an FCA case; and/or (3) Embrace has failed to sufficiently plead enough facts to support the defense.

### A. Leave to amend to add the statute of limitations defense is futile because the Court already struck that defense and did not grant Embrace's request for leave to replead.

This Court should first deny Embrace's leave to amend to replead a statute of limitations defense because this Court already struck that defense in its October 10, 2023 Order and did not grant Embrace leave to replead that defense (as Embrace had requested). *See* October 10, 2023 Order. In waiting over two months to file a proposed amended answer, Embrace without explanation or excuse, did precisely what the Court had told it not to do, namely, file another answer using conclusory affirmative defenses. However, the Court's previous decision is the law of the case and Embrace's attempt to reverse that determination must fail as the previous decision is binding. *Naser Jewelers, Inc. v. City of Concord, N.H.*, 538 F.3d 17, 20 (1st Cir. 2008) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Embrace notably did not seek any reconsideration or appeal of that Order, nor could it given that the Court did not err.

Because Embrace has already lost this defense and leave to replead was not granted, it cannot be reasserted.

B.    **The statute of limitations defense is also futile on the additional grounds that Embrace has failed to properly plead the required elements of the defense.**

Embrace's attempts to replead the statute of limitations defense is also futile because Embrace has not factually plead that the Attorney General or DOJ were notified of Embrace's fraud prior to this qui tam complaint, which it would be required to provide in order for anything less than the FCA's 10-year statute of limitations to apply.

The Supreme Court has recently explained that unless a defendant can show that the action was brought within three years after the Attorney General or DOJ was notified of the fraud, the FCA's ten-year statute of limitations period applies. *Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S. Ct. 1507, 1510 (2019) (discussing the FCA's multi-prong statute of limitations and stating that whatever period provides the longest statute of limitations period applies); *see also* S. Rep. No. 345, 99th Cong., 2d Sess. 30 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5295. ("The statute of limitations does not begin to run until the material facts are known by an official within the Department of Justice with the authority to act in the circumstances.").

Courts are clear that it is only the Attorney General or DOJ that can trigger such knowledge, not just any "government official," such as those in administrative agencies. *See e.g.*, *Jana, Inc. v. United States*, 34 Fed. Cl. 447, 451 n.6 (1995) ("[T]he discovery that triggers 31 U.S.C. § 3731(b)(2) is not knowledge of the fraud by any Government official, but knowledge of the fraud by an official having the authority to initiate litigation under the Act, generally considered to be an official at the Civil Division of the Department of Justice which has exclusive litigating authority under the False Claims Act."); *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *15 (N.D. Tex. Oct. 1, 2021)

(holding that 'the official' under section 3731(b)(2) is an employee of the DOJ, and not to an employee of an agency).

Here, Embrace's proposed affirmative defense regarding the statutes of limitations fails as a matter of law because it fails to plead that Embrace notified the Attorney General or the DOJ about the fraud. As a result, the longest ten-year statute under *Cochise* applies, which is consistent with this Court's prior decision on the motion to dismiss. *Cochise,* 139 S. Ct. at 1510; ECF No. 96. As a result, the longer 10-year statute of limitations under *Cochise* applies and the claims relate back to February 14, 2009. However, because Relator is not pursuing any claims occurring before that date, no claims are barred by the statute of limitations.[3]

Therefore, because Embrace's statute of limitations defense is futile, the Court should deny Embrace leave to replead this defense.

### C.    The good faith defense is futile because it is not an affirmative defense.

Good faith is not an affirmative defense and therefore cannot be plead as such.

Courts consistently hold that a good faith defense is not an actual affirmative defense. *See Fishman v. Tiger Nat. Gas Inc.*, No. C 17-05351 WHA, 2018 WL 4468680, at *6 (N.D. Cal. Sept. 18, 2018) (striking "good faith" affirmative defense because "good faith only negates plaintiff's prima facie case" and therefore was not an affirmative defense); *Scott Griffith Collaborative Sols., LLC v. Falck N. California Corp.*, No. 19-CV-06104-SBA, 2021 WL 4846935, at *6 (N.D. Cal. June 7, 2021) (dismissing good faith affirmative defense where defendant did not dispute that good faith was not an affirmative defense). As a court has explained in the context of an FCA case, in order to prove their case, a relator "must show that [defendant]

---

[3]    The parties have agreed to a claims universe where the earliest claims processing date is June 21, 2010, so Relator is not even seeking the fullest extent of the statute of limitations. As no claims are barred, the defense is futile.

knowingly made a false statement or engaged in a fraudulent course of conduct. Therefore, a defense of good faith only challenges [relator's] claim and is not an affirmative defense." *United States v. Ogden*, No. 20-CV-01691-DMR, 2021 WL 858467, at *4 (N.D. Cal. Mar. 8, 2021) (internal citations omitted). As a result, this proposed defense immediately fails as a matter of law.

Consequently, because good faith is not even an affirmative defense that can be plead, it would be futile to allow this proposed amendment.

**D.    Embrace cannot assert an affirmative defense of government knowledge, ratification, and estoppel because such defenses are futile.**

Embrace's Third Affirmative Defense raises the defenses of government knowledge, ratification, and estoppel. The proposed amendment to add these defenses would serve no purpose and would be futile because: (1) government knowledge is not an actual affirmative defense, and even if it were, Embrace has failed to allege to that it fully informed the United States about its fraudulent conduct; and (2) ratification and estoppel cannot be asserted against the United States in a False Claims Act action.

1.    "Government knowledge" is no longer a defense under the FCA, and even if it were, Embrace has failed to sufficiently allege that it provided full disclosure of its fraudulent schemes to the Department of Justice.

First, Embrace's defense of "government knowledge" is not a defense, let alone an affirmative defense. While previous versions of the FCA limited the jurisdiction of courts over some actions where the government had knowledge of fraud prior to an FCA action being commenced, that defense was eliminated decades ago. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1194 n.3 (9th Cir. 2001) ("The 1986 amendments eliminate the government knowledge defense"). As a result, government knowledge "is not a statutory defense to liability." *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 952 (10th Cir.

1998); *United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, No. CV 16-8697-MWF (SSX), 2019 WL 2353125, at *10 (C.D. Cal. Mar. 28, 2019) (striking government knowledge defense); *United States v. Assocs. in Eye Care, P.S.C.*, 2014 WL 12606508, at *4 (E.D. Ky. Nov. 14, 2014) (striking affirmative defense that "merely allege[d]" government knowledge.

Moreover, the issue of government knowledge only becomes relevant to an FCA case if the defendant shows that it was "forthcoming" and "open with the government" about the allegedly false information; it is not available where the defendant "neglected to disclose all the pertinent information." *Burlbaw*, 548 F.3d at 952-53 (discussing that "" "[t]he proper focus of the scienter inquiry … must always rest on the defendant's 'knowledge' of whether the claim is false"); *see also United States v. Villaspring Health Care Ctr., Inc.*, 2011 WL 6337455, at *3 (E.D. Ky. Dec. 19, 2011) ("the 'statutory basis for an FCA claim is the defendants' knowledge of the falsity of its claim, which is not automatically exonerated by any overlapping knowledge by government officials."). Therefore, to even raise this issue, the Embrace would need to show that it was "open" and "forthcoming" with the government about its fraudulent conduct. However, as Embrace has argued vociferously that it has done nothing wrong, Embrace's denials in its answer to the allegations in the complaint would need to be amended before such a defense could even be attempted to be asserted. In fact, as set forth in the SAC, Embrace's conduct with the DOJ has never been, and continues to be, anything but "open" and "forthcoming."

Therefore, because the "government knowledge" affirmative defense does not even exist, and even if it did, Embrace has still not sufficiently alleged it, an amendment to include this defense would be futile and must be denied.

2. <u>Ratification is unavailable as an affirmative defense in an FCA action, and in any event, Embrace has failed to plead the required elements.</u>

While Embrace also seeks to include ratification as part of its Third Affirmative Defense, ratification is unavailable against the United States in a False Claims Act action. *See United States ex rel. Dye v. ATK Launch Sys., Inc.*, No. 06-cv-39, 2008 WL 4642164, at *3 (dismissing affirmative defense of ratification in FCA action because a "violation of the rights of the United States may not be waived or ratified by the unauthorized acts of its agents."); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV.A. 09-4672, 2013 WL 1755214, at *12 (E.D. Pa. Apr. 24, 2013) (striking ratification affirmative defense in FCA case); *Poehling*, 2019 WL 2353125, at *11 (same); *Assocs. in Eye Care*, 2014 WL 12606508, at *4; *Cushman & Wakefield*, 275 F. Supp. 2d 763, 771 (N.D. Tex. 2002) (striking ratification defense); *see also United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112, 115 (D.D.C. 2012) (striking similar defense of waiver). As a result, Embrace cannot this defense against the United States.

Additionally, in order to meet the minimal pleading elements of this defense, Embrace would need to show that there was a clear and intentional waiver of the government's right to enforce the FCA by the Attorney General or DOJ. *See United States ex rel. Dye v. ATK Launch Sys.*, Inc., 2008 WL 4642164, at *3 (D. Utah Oct. 16, 2008) ("Defendant has not plead that the Department of Justice waived these rights. Therefore, as currently pled, Defendant's waiver and ratification defenses fail as a matter of law and will be stricken."); *Cushman & Wakefield, Inc.*, 275 F. Supp. 2d at 771 ("C&W has not plead that DOJ waived these rights . . . . Consequently, as currently plead, the waiver and ratification defenses are unavailable to C&W."). As Embrace has not made any such allegations, Embrace fails to even plead the elements required of this defense.

Accordingly, leave to amend to add a ratification defense would be entirely futile.

   3.  The equitable estoppel defense is futile because it is unavailable as an affirmative defense in an FCA action and even if it were, Embrace has failed to allege the facts necessary for the defense to apply.

Embrace's estoppel affirmative defense is also futile because: (1) an equitable estoppel defense cannot be asserted against the United States in an FCA action; and (2) even assuming *arguendo* that such a defense could be raised, Embrace still fails to plead the necessary elements of this defense.

First, under Supreme Court precedent, "equitable estoppel will not lie against the Government as it lies against private litigants." *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 416 (1990). In light of *Richmond,* a plethora of courts have found that the affirmative defense of equitable estoppel is unavailable as a matter of law in False Claims Act cases. *See e.g.*, *Osinek v. Permanente Med. Grp., P.C.*, No. 13-CV-03891-EMC, 2023 WL 8811810, at *7 (N.D. Cal. Dec. 19, 2023) ("Accordingly, based on *Richmond* and as a matter of statutory interpretation, both the affirmative defenses of estoppel and ratification (which is similar in nature to estoppel) are barred."); *United States v. Inc. Vill. of Island Park*, 888 F. Supp. 419, 453 (E.D.N.Y. 1995) (citing *Richmond* and holding that "there can be no estoppel" in FCA cases); *United States ex rel. Monahan v. Robert Wood Johnson University Hosp.*, No. 02-5702, 2009 WL 4576097, *7 (D. N.J. Dec. 1, 2009) ("Because public money is at stake in this [False Claims Act] case, it is readily apparent that the affirmative defense of estoppel cannot be maintained").

Second, even if an estoppel defense could be raised in this case, Embrace still has failed to plead the required elements and facts for such a defense. In this Circuit, a party seeking to assert estoppel must show that: (1) the party to be estopped made a "definite representation of fact to another person having reason to believe that the other [would] rely upon it;" (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the "reliance

[was] reasonable in that the party claiming the estoppel did not know that its adversary's conduct was misleading." *Mimiya Hosp., Inc. SNF v. U.S. Dep't Of Health And Hum. Servs.*, 331 F.3d 178, 182 (1st Cir. 2003).

Here, Embrace identifies no "definite representation" made by the United States, fails to factually allege that the United States was aware of the true facts, and does not provide a basis for explaining how Embrace's reliance was reasonable and that it did not know the United States' conduct was misleading. *See Honeywell Int'l, Inc.*, 841 F. Supp. 2d at 115 (estoppel defense insufficiently plead because defendant failed to identify any representations by the government or reliance on any such representations). Furthermore, "[w]hen a party seeks to invoke equitable estoppel against the government, there must also be a showing that the agency engaged in 'affirmative conduct going beyond mere negligence' and that 'the public's interest will not suffer undue damage' as a result of the application of this doctrine." *In re Jensen*, 200 B.R. 5, 8 (Bankr. D.N.H. 1996) (quoting *United States v. Hemmen*, 51 F.3d 883, 892 (9th Cir. 1995)). Embrace makes no such allegations. As a result, Embrace has failed to plead the necessary elements of an estoppel defense.

Accordingly, any amendment to add an equitable estoppel defense would be futile.

### E.    The mitigation defense is futile because it cannot be asserted as an affirmative defense in an FCA action.

Much like the estoppel defense discussed above, a failure to mitigate affirmative defense against the government is barred in a False Claims Act case. As a result, this defense is futile and leave to amend should be denied.

"The Government has no duty to mitigate damages in fraud actions, including those under the FCA." *Monahan*, 2009 WL 4576097, at *8 (citing *Toepleman v. United States*, 263 F.2d 697, 700 (4th Cir. 1959). As a result, courts have explicitly held that the duty to mitigate

does not apply to the government in fraud actions, including those under the FCA. *See e.g.*, *United States v. HCR Manor Care, Inc.*, No. 09-cv-00013, 2015 WL 11117429, *1 (E.D. Va. Dec. 9, 2015) ("Failure to Mitigate Damages fails as a matter of law because it is well settled that the United States has no duty to mitigate damages in a fraud action, including an FCA claim."); *United States v. United Technologies Corp.*, 950 F. Supp. 2d 949, 954 (S.D. Ohio 2013) ("The Government has no duty to mitigate damages in fraud actions, including those under the FCA") (citation omitted); *United States ex rel. Garrison v. Crown Roofing Services, Inc.*, No. H-07-1018, 2011 WL 4914971 at *2 (S.D. Tex. Oct. 14, 2011) (striking affirmative defense of failure to mitigate in a False Claims Act case on the ground that "[t]he Government has no duty to mitigate damages in cases where fraud is alleged").

Given that mitigation cannot be raised as an affirmative defense in this action, it fails as a matter of law and leave to amend would be futile.

### F. Embrace's Fifth Affirmative Defense regarding the mere denial of liability and damages is futile because it is not an affirmative defense.

Embrace's Fifth Affirmative Defense alleges that Relator's allegations do not establish violations of FHA underwriting because: (1) Relator incorrectly states the regulatory requirements; (2) that Embrace did not submit false certifications because it underwrote the loans with proper due diligence; and (3) to the extent underwriting errors were made, it was not due to the fraud that Relator alleges. *See* ECF No. 114-1 at *1137. Embrace additionally contends it is only required to indemnify FHA for violations of its underwriting rules. *Id*.

To begin with, it is entirely unclear what "defense" Embrace is attempting to raise here, but it is certainly not an affirmative defense. To the extent that Embrace is merely denying the allegations in the complaint or pointing out a lack of evidence in the case, that is not a proper affirmative defense. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *United*

*States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-0058RSL, 2011 WL 6300174, at *4 (W.D. Wash. Dec. 16, 2011) ("Defendant's ninth defense is also not an affirmative defense, but rather a simple denial of liability"); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all"). Additionally, to the extent that the defense can also be read as seeking indemnification, much like the estoppel and ratification defenses discussed above, indemnification is unavailable as a matter of law in an FCA action. *U.S. ex rel. Pub. Integrity v. Therapeutic Tech. Inc.,* 895 F. Supp. 294, 296 (S.D. Ala. 1995) ("FCA defendants are precluded as a matter of law from seeking indemnification").

Therefore, this purported "affirmative defense" is futile as well.

## II. LEAVE TO AMEND SHOULD FURTHER BE DENIED BECAUSE EACH OF THE PROPOSED DEFENSES FAILS TO MEET THE REQUIRED RULE 8 PLEADING STANDARD SET BY THIS COURT

As discussed above, Embrace's motion must be denied because amendment would be futile. As a result, the Court need not go any further and can immediately deny the motion in its entirety. However, even if the Court were not to consider the futility arguments, leave to amend should further be denied because each of the proposed affirmative defenses are based entirely on conclusory and/or speculative allegations that do not meet pleading standard set by this Court in its October 10, 2023 Order.

Embrace previously requested that this Court allow conclusory affirmative defenses to be plead. *See* ECF No. 104. However, that request was rejected by the Court in its October 10, 2023 Order. In that ruling, the Court held that where the allegations had been known to Embrace for over a year, the *Iqbal/Twombly* pleading standard under Rule 8 would be required for affirmative defenses. *See* October 10, 2023 Order.

Embrace knows full well what is required under that standard having previously defined what types of allegations would be insufficient in its Motion to Dismiss Relator's complaint: "bald assertions, subjective characterizations and legal conclusions." *See* ECF No. 86 at *6 (internal quotation marks omitted). That is fully consistent with the First Circuit's instructions for evaluating whether a pleading meets the Rule 8 standards, whereby courts eliminate or ignore the portions of the pleading that offer legal labels and conclusions, merely rehash the cause of action elements, or that contain conclusory and speculative facts. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (discussing a two-step process as: "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. Step two: take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.")

Despite being well acquainted with that standard, Embrace remains defiant in pleading affirmative defenses are composed of entirely of bald assertions, generalized and subjective characterizations, and legal conclusions that it previously derided. While Embrace's proposed defenses now contain a higher word count than the originally plead defense, Embrace's proposed defenses have no facts in them that would answer the "who, what, where" questions showing how the defense applies *in this case*. Emblematic of the conclusory nature of its defenses, Embrace pleads only generic concepts and generalized background information. These defenses are so generic that with the exception of the word "Embrace," these defenses could be copied and pasted into any mortgage fraud action and would apply to each defendant regardless of the actual factual circumstances of each case. This type of conclusory, boilerplate language fails to demonstrate what factual information Embrace is relying on in this case for

each of the defenses.

For example, as to the statute of limitations defense, Embrace simply alleges that it "has communicated with government representatives about its underwriting and origination practices, and discovery **may show** that 'the official . . . charged with responsibility to act' did know at some time . . ." ECF No. 114-1 at *1136 (emphasis added). But as the defense says nothing about what Embrace said to the DOJ, when it was said, or by whom, the defense is in fact nothing more than barebones recitation of the elements of a statute of limitations defense. Additionally, Embrace's language that "discovery may show" demonstrates that it is not actually pleading any facts actually showing that a government official knew about Embrace's misconduct. Removing that speculation from the defense as plead, as required under *Schatz*, there is only the bare conclusory statement that government knew, without any further factual allegations.[4]

The second affirmative defense pleads in entirely conclusory terms that Embrace just acted in good faith. But Embrace fails to plead any facts to show *how* it acted in good faith (likely because it cannot do so). Instead of pleading actual actions that Embrace took to show how it acted in good faith (which theoretically could have included robust quality assurance processes or other steps that Embrace took to reduce instances of fraud), Embrace's instead

---

[4] As discussed above in Point I.B, the government's knowledge of the fraud for statute of limitations purposes relates to the Attorney General (or his designees). Ironically, the affirmative defense plead here is substantially similar to the allegations that the Supreme Court analyzed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *Iqbal*, the Supreme Court found that the plaintiff's allegations that the Attorney General "knew of, condoned, and willfully and maliciously agreed to" the conduct at issue was conclusory and therefore did not meet Rule 8. *Id.* at 680-81. Given that Embrace is making substantially the same allegations here regarding the Attorney Generals' knowledge, Embrace's defense fails for the same reasons as in *Iqbal*. In fact, Embrace's attempted defense is arguably worse because it does not even name the Attorney General, but rather just pleads unnamed "government representatives." ECF No. 114-1 at *1135.

focuses entirely on the regulatory schemes, actions, and conduct of HUD. These generalized principles that would apply to any FCA mortgage fraud action do not rise about the conclusory level.

In regards to the third affirmative defense, Embrace's defense is nothing more than conclusory and generic statements. Embrace indicates that this defense is based (in part) on HUD "making and continuing to make, payments on claims submitted for insurance proceeds for loans endorsed by Embrace ever after learning some or all of the facts[.]" ECF No. 114-1 at *1136. However, Embrace's answer is completely devoid of explaining what these "facts" are, let alone explaining how Embrace provided the government with notice of the fraud.

As to the mitigation defense, Embrace alleges that Relator's claims "**may be barred**, in whole or in part, by the failure of HUD or any third party to take reasonable steps to mitigate damages, **if any** . . ." ECF No. 114-1 at *1136 (emphasis added). In other words, Embrace does not actually know: (1) if any claims are actually barred by mitigation; or (2) if the government was even required to mitigate. Even aside from those speculative allegations, Embrace provides no factual support demonstrating how the government was required to mitigate its damages, what reasonable steps were not taken, and how the government "fail[ed] to address any alleged underwriting violations by Embrace." *Id*.

Finally, as to the fifth affirmative defense, this proposed defense is rife with impermissible hypotheticals and conclusory statements that merely deny liability and damages. *See* ECF No. 114-1 at *1137 ("even if accepted as true;" "to the extent that errors may have occurred;" "to the extent that any underwriting errors may have been made"). But applying the First Circuit's test and removing those conclusory and speculative allegations, no factual allegations are actually plead. *Schatz*, 669 F.3d at 55.

Accordingly, because none of the proposed affirmative defenses meet the Rule 8 pleading standard that this Court indicated applies in this case, Embrace's motion to amend must fail.

## III.    ANY FURTHER REQUESTS FOR LEAVE TO REPLEAD SHOULD BE DENIED

Presuming the Court now denies Embrace's motion, the Court should make clear that no further leave to replead is permitted. Embrace previously had the opportunity to amend its answer when Relator filed her previous Motion to Strike raising the pleading deficiencies. Embrace chose not to do so, doubling down on its conclusory allegations and only requesting leave to amend in opposition to Relator's motion. *See* ECF No. 104 at *1003. In similar circumstances, the First Circuit has held that it is not error for a court to fail to invite a party to replead when granting a dispositive motion. *See Emerito Estrada Rivera-Isuzu de P.R., Inc. v. Consumers Union of United States, Inc.*, 233 F.3d 24 (1st Cir. 2000); *see also Wayne Inv., Inc. v. Gulf Oil Corp.,* 739 F.2d 11, 15 (1st Cir.1984) (contingent request for leave to amend made in an opposition to motion is improper). Having made its bed and only seeking leave now, Embrace must lie in it and deal with the consequences. Therefore, in the very likely event that the Court denies Embrace's motion, the Court should make clear that no further leave to replead is permitted given Embrace's repeated failures to sufficiently allege its defenses.

## CONCLUSION

For each of the foregoing reasons, Relator respectfully requests that the Court deny Embrace's Motion for Leave to Amend.

-18-

Dated: January 16, 2023

**THOMAS & SOLOMON LLP**

By:_____/s/ Jonathan W. Ferris_____

    J. Nelson Thomas, Esq.
    (admitted per local Rule 201 (b)(5))
    Jonathan W. Ferris, Esq.
    (admitted per local Rule 201 (b)(5))
    THOMAS & SOLOMON PLLC
    693 East Avenue
    Rochester, New York 14607
    Telephone: (585) 272-0540
    nthomas@theemploymentattorneys.com
    jferris@theemploymentattorneys.com

    and

    Samuel J. Buffone, Jr.
    (admitted per local Rule 201 (b)(5))
    Michael DeJesus
    Buffone Law Group PLLC
    4301 Connecticut Ave. NW
    Suite 310
    Washington, D.C. 20008
    (202) 997-8562
    sam@buffonelawgroup.com
    michael@buffonelawgroup.com

    **Attorneys for Plaintiff-Relator**
    **Deborah Souza**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the indicated date, the undersigned filed and served the foregoing document, using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated: January 16, 2024

*<u>s/ Jonathan W. Ferris</u>*
Jonathan W. Ferris
