UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA *ex rel.* DEBORAH SOUZA,

    Plaintiff,

v.

EMBRACE HOME LOANS, INC.; DENNIS HARDIMAN; KURT NOYCE; and ROBERT LAMY,

    Defendants.

C.A. No. 22-cv-453-JJM-PAS

## ORDER

Defendants have asked this Court to reconsider its order striking its statute of limitations affirmative defense. ECF No. 121. A review of the travel of this issue is necessary to understand why the Court DENIES Defendants' motion.

1. Defendants moved to dismiss the Complaint asserting, inter alia, a statute of limitations defense. The Court issued a Memorandum and Order analyzing the issue and denying Defendants' Motion to Dismiss. ECF No. 96 at 13-16.

2. Defendants then filed a 92-page Answer in which they made threadbare assertions of a statute of limitations affirmative defense. ECF No. 99 at 90. ("Plaintiff's claims are barred in whole or in part by the applicable [statute] of limitations.") Plaintiff moved to strike this affirmative defense (ECF No. 103), which the Court granted (Text Order, Oct. 10, 2023 ("Over a year after receiving the Complaint, Defendants filed standard affirmative defenses in their Answer. ECF No. 99 at 90. Without deciding whether *Twombly/Iqbal* applies to affirmative

defenses, in this situation where the complaint has been known to the Defendants for over a year, Rule 8 pleading requires more than a barebone assertion of the defense.").

3. Defendants then moved to amend their Answer (ECF No. 114) to assert, inter alia, an affirmative defense of statute of limitations. It proposed to assert:

> Plaintiff-Relator's claims are barred, in whole or in part, by the applicable statute of limitations. The statute of limitations under the False Claims Act provides that an action may not be brought more than three years "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances." 31 U.S.C. § 3731(b)(2). During the relevant time period, Embrace has communicated with government representatives about its underwriting and origination practices, and discovery may show that the "official . . . charged with responsibility to act" did know at some time more than three years prior to the filing of Plaintiff's qui tam Complaint on February 14, 2019.

ECF No. 114-1 at 90-91.

4. The Court denied that aspect of the motion[1] stating: "The Court denies leave to add Defendants' First Affirmative Defense (statute of limitations). Defendants had an opportunity to raise defenses under 31 U.S.C. § 3731(b)(2) in their Motion to Dismiss and declined to raise alternative arguments as to statute of limitations. As such, this defense is considered waived." Text Order, Feb. 9, 2024.

---

[1] The Court allowed the rest of the request to amend. Text Order, Feb. 9, 2024. ("The Court grants leave to add Defendants' Second, Third, Fourth, and Fifth Affirmative Defenses under Fed. R. Civ. P. 15(a) as there is no evidence of undue delay, bad faith, dilatory motive, or futility. Defendants relied on well-reasoned authority from this district in support of short-form pleadings, and they have now met the Rule 8 pleading requirements. While not strictly "affirmative," these defenses go to the issue of scienter, and there is no undue prejudice by allowing the parties to explore these issues in discovery. It is thus appropriate to allow the case to proceed on the merits. *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017)."

2

After reciting this procedural recap, the Court notes that it has ruled on this issue many times, after full briefing. The Court struck the affirmative defense and then refused to allow an amendment all based on the record as a whole and the lack of even basic plausible pleading of a statute of limitations defense.[2] Dissatisfied with the previous outcomes, this is Defendants' second attempt to plead a statute of limitations defense and a third attempt to invoke it now in the form of a motion to reconsider. ECF No. 121.

Without offering any facts in support, they argue that a three-year statute of limitations applies based on some unknown notice that discovery "may" show was supplied to a "relevant" governmental official. ECF No. 114-1 at 90-91. There comes a point in litigation when a plaintiff is entitled to actual notice of the basis of a defendants' affirmative defense; to allow them to know what discovery to do; what legal claims to research; how to form an appropriate settlement demand, and so on. Not requiring some specificity this late in the game puts a plaintiff at an unfair advantage in litigating their case. A lack of specificity allows defenses to persist in the case when there is no plausible basis for them, resulting in undue prejudice on a plaintiff.

The Court DENIES the Defendants' Motion to Amend and to Certify for Appeal. ECF No. 121.

---

[2] While the Court had stated that Defendants "waived" their right to plead the affirmative defense, the Court used that term in the vernacular, not intending to invoke the legal concept of waiver but to indicate that Defendants had failed again in their attempt to properly plead the affirmative defense.

Additionally, Plaintiff has moved to compel discovery. ECF No. 125. The Court GRANTS IN PART and DENIES IN PART this motion.

This is a complicated False Claims Act case and the parties, who have made efforts to agree on discovery parameters, have reached an impasse on the production of electronically stored Information ("ESI") data, specifically as to 91[3] Organizational Chart Custodians ("OCCs") that Plaintiff requested six months ago. There is some debate over whether Defendants specifically agreed to produce ESI data for these individuals or whether they agreed to consider producing data for custodians other than the Priority Custodians.

In any event, based on Plaintiff's representations about the OCCs, it appears that some number of these custodians may possess relevant information so the Court orders Defendants to collect the requested custodians so the parties can meet and confer to agree on additional custodians, if appropriate, and any limitations as to that production. With discovery closing at the end of July, however, the Court cautions the parties to be mindful that any added custodians should "provide <u>unique</u> relevant information not already obtained." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 107-08 (S.D.N.Y. 2013).

As to Plaintiff's other requests, Defendants agree to complete the noncustodial discovery by the end of April and to produce the ESI data for the 13 Priority Custodians and the 25 Loan Custodians that Plaintiff requested in February by

---

[3] Plaintiff says this number is 114 but Defendants identified duplicate names and assert that there are 91 new custodians.

May 24, 2024. With that understanding, no further court order or status conference is necessary. The parties should meet and confer to discuss the OCCs and any limitations thereon and to set a reasonable schedule to compete document discovery.

The Court DENIES the Defendants' Motion to Amend and to Certify for Appeal. ECF No. 121. The Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion to Compel. ECF No. 125.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 29, 2024