UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. DEBORAH SOUZA, | : : | |
|     Plaintiff, | : : | |
| v. | : : | C.A. No. 22-453-JJM |
| EMBRACE HOME LOANS, INC., DENNIS HARDIMAN, KURT NOYCE, and ROBERT LAMY, | : : : : | |
|     Defendants. | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two discovery motions, one filed by Plaintiff-Relator Deborah Souza (ECF No. 140) and one filed by Defendant Embrace Home Loans, Inc. (ECF No. 139). Both motions have been referred to me for determination.

In her motion, Plaintiff-Relator seeks to compel an answer to an interrogatory requiring Defendant to prepare a detailed report listing every loan over the more than twelve-year period in issue and identifying as to each, the month the loan closed, and the dates when the initial and final quality control reports pertaining to each loan for that month were sent, with the bates number ranges of the reports. Defendant responds that this is asking for information that it does not maintain in the ordinary course of business and that its answer has already identified pursuant to Fed. R. Civ. P. 33(d) the already-produced documents from which the answer can be ascertained as easily by Plaintiff-Relator as by Defendant, as well as that there has already been extensive deposition testimony describing how complicated and burdensome this would be in light of Defendant's shifting approaches over time regarding compliance with this reporting

requirement. Plaintiff-Relator's riposte seizes on this complexity and asserts that she cannot necessarily ascertain the date these reports were sent.

Based on the foregoing, Plaintiff-Relator's motion to compel is granted in part and denied in part. The Court finds that Defendant appears appropriately to have invoked Fed. R. Civ. P. 33(d), supplemented by supplying the bates numbers for the reports in their production, which they have agreed to do, and that to supply a complete answer for the entire time period would be extremely burdensome because it would require Defendant separately to analyze each report, including the metadata (all of which is equally accessible to Plaintiff-Relator) and related documents, to develop an answer that is as accurate as possible. To address Plaintiff-Relator's concern that she cannot necessarily ascertain how to interpret these reports, the Court orders that, within ten days of the issuance of this Order, Defendant shall supply the promised bates number ranges and Plaintiff-Relator shall identify to Defendant in her sole option three separate months from any time during the period in issue. Within thirty days of the issuance of this Order, Defendant shall supply an answer that provides the requested information for the months identified by Plaintiff-Relator, as well as for three additional months that it identifies in its sole option. Defendant shall include in its answer a description of how the requested datapoints were ascertained (so that Plaintiff-Relator can perform her own analysis of the remaining documents) and clearly cabin any aspect of the response as to which it is not certain or is providing its best estimate. This Order is without prejudice to Plaintiff-Relator seeking additional information if the response provides a factual basis establishing that more is needed and the burden of procuring it is proportional and consistent with Fed. R. Civ. P. 33(d).

In its motion, Defendant raised what appear to be two discrete concerns about the temporal scope applicable to Plaintiff-Relator's discovery responses.

First, based on what may be a reasonable misunderstanding of Plaintiff-Relator's position as articulated during meet and confer, Defendant believes that, despite the lack of any time limit in the applicable document requests, Plaintiff-Relator's document production was culled to remove responsive documents not covered by any privilege that relate to the period from July 29, 2022, to the date of collection of material for production (estimated to be sometime in 2023). Plaintiff-Relator counters that her counsel does not believe that any such culling occurred. Based on the foregoing, within ten days of the Court's issuance of this Order, Plaintiff-Relator is ordered to provide a supplemental response clarifying whether or not such culling was done and, if it was, what aspect of her production it affected. Further, because such a culling would have resulted in the failure to produce responsive documents, the Court hereby orders that any documents removed from the production solely based on temporal scope (that is, because they pertain to the period from July 29, 2022, to the date of collection) shall be produced within thirty days of the issuance of this Order.

Second, also focused on temporal scope, Defendant is asking the Court to order Plaintiff-Relator to supplement her production based on a search (tailored to the parameters of her earlier production) of her records for the period from the date of the original collection (presumably in 2023) to the present. Mindful that Plaintiff left the employ of Defendant in 2019 so that such a supplementation would cover a period that is remote from the period of her employment, as well as remote from the period in issue (which ends on July 29, 2022), as well as that such a supplementation is burdensome in that it requires a start-over data collection for the more recent time period, the Court finds that it is not proportional in that Defendant has failed to identify anything specific to suggest that relevant documents might be located. Therefore, the Court orders that this aspect of the motion to compel is denied. This Order is without prejudice to

3

Defendant seeking such a supplementation to the extent that the production of material that had been culled based on temporal scope (post-July 29, 2022) provides a factual basis establishing that more is needed and the burden of procuring it is proportional.

Based on the foregoing, Plaintiff-Relator's motion to compel (ECF No. 140) and Defendant's motion to compel document production (ECF No. 139) are both GRANTED in part and DENIED in part.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
August 28, 2024