UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | : | |
| DEBORAH SOUZA, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 22-453-JJM |
| | : | |
| EMBRACE HOME LOANS, INC., DENNIS | : | |
| HARDIMAN, KURT NOYCE, and ROBERT | : | |
| LAMY, | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER[1]**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pending since 2019, this False Claims Act ("FCA") *qui tam* case is principally[2] based on

the allegation that Defendants made false representations to the U.S. Department of Housing and

Urban Development ("HUD") while certifying residential mortgage loans for insurance coverage

from the Federal Housing Administration. United States ex rel. Souza v. Embrace Home Loans,

Inc., 808 F. Supp. 3d 314, 329-30 (D.R.I. 2025). In 2022, the United States filed notice of its

declination to intervene, ECF No. 16, although it continued to monitor the case (see ECF No.

246 at 2) and, with the case nearing trial, opted to participate (with the consent of the parties and

the approval of the Court) in a 2026 court-annexed mediation (ECF No. 220). Then, following

the court-annexed mediation, on May 11, 2026, the United States filed notice of its election to

intervene for the purpose of dismissal of the FCA claims and relatedly moved to dismiss. ECF

---

[1] This Memorandum and Order is being issued under seal in the first instance. Each of the parties and the United States is hereby directed to file (under seal in their option) a statement regarding what portions of it (if any) should be redacted before it is made publicly accessible and (briefly) the reason for redaction. The statements are due at 5:00 p.m. E.D.T. on July 7, 2026. If no statement requesting redaction is received, the Memorandum and Order will issue as a publicly available decision of the Court.

[2] In addition to her FCA claims, Plaintiff-Relator has also alleged retaliatory termination of employment.

No. 246.  This motion to intervene/dismiss is based on 31 U.S.C. § 3730(b)(4)(A), (c)(2)(A) and Fed. R. Civ. P. 41(a), which permit the United States to intervene in a *qui tam* suit after declining upon a showing of "good cause," and, having properly intervened, permit the United States to seek to dismiss the FCA claims over the relator's objection.

Plaintiff-Relator has made clear that she intends to vigorously oppose the United States' motion to intervene and dismiss the FCA claims.  As a threshold matter, however, she contends that the Court cannot address the motion to intervene/dismiss and "provide[] substantial justice to all parties" unless it first rules that confidential mediation communications and statements exchanged among the parties and the United States are no longer protected as confidential court-annexed mediation communications and are admissible for consideration by the Court in connection with the motion to dismiss.  ECF No. 248 at 3.  To that end she has moved to permit expedited release of a transcript of the recorded portion of the 2026 confidential mediation proceeding, as well as "evidence about settlement discussions to the extent permitted by [Fed. R. Evid.] 408."  ECF Nos. 248 at 1, 8; 250.  She also has requested an extension of her time to file her opposition to the motion to intervene and dismiss until seven days after the mediation transcript is received.  ECF Nos. 250; 253.  She supports her motion with an Affirmation from one of her attorneys that is presented as a "proffer of evidence" purporting to present "examples of evidence from the settlement negotiations [that] would be useful or necessary for the Court in deciding the motion to dismiss," although much of its content consists of the "imaginings" of counsel, not facts.  ECF Nos. 248 at 2; 248-1.

Defendants vigorously oppose the motion to permit release of the mediation transcript or any statements or evidence presented during mediation or other compromise communications.  They contend that such content is irrelevant to the Court's determination of good cause and

proper terms for dismissal, that (as to mediation) it includes statements made in the context of court-annexed mediation proceedings that are confidential by standing court order, on which they relied while participating in court-annexed mediation, and that all such evidence is inadmissible pursuant to Fed. R. Evid. 408.  See ECF No. 254.

Like Defendants, the United States also generally opposes stripping away the confidentiality/inadmissibility protections of the standing court order covering court-annexed mediations and the protections of Fed. R. Evid. 408, but it has proposed a middle ground.  It suggests that the Court direct that the portion of the 2026 court-annexed mediation that was recorded be transcribed and that the transcript be docketed under seal and provided to the parties who were present and participating, with an order barring public disclosure and limiting its use. See ECF No. 252.  As grounds, the United States agrees with Defendants' assertion that Plaintiff-Relator's motion and the attached Affirmation "are replete with misstatements and half-truths about the confidential mediation discussions."  See id. at 2.  It asks the Court to allow the parties to have access to the transcript so that such inaccuracies will not be perpetuated and, if they are, they can be corrected.  The United States also suggests that whether, to what extent and with what guardrails, including whether the transcript may be made part of the record in connection with its motion to dismiss, should be the subject first of meet and confer and then of further proceedings before the Court.  Defendants do not oppose this compromise.

Plaintiff-Relator's motion for a copy of the mediation transcript and for leave to admit and rely on confidential mediation/settlement communications and her request for an extension to respond to the motion to dismiss until after the transcript is received have been referred to me for determination.[3]

---

[3] To address confusion raised by the parties during the hearing, I clarified that the motion of the United States to intervene/dismiss (ECF No. 246) has not been referred.

3

## I.    Background[4]

As they advised me while I was acting in the capacity of court-appointed mediator, the parties and the United States have had extensive compromise communications and information exchanges connected with compromise since this case began in 2019.  More specifically, I have conducted two court-annexed mediations of this case, one in 2024 and one in 2026.

The first court-annexed mediation was based on a 2024 referral; the mediation was held in June/July 2024.  This mediation was governed by the Court's standing order mandating mediation confidentiality and barring disclosure of information regarding the mediation process, on which order the participants in the mediation were entitled to rely.  United States District Court for the District of Rhode Island Alternative Dispute Resolution Plan § VIII at 6-7 (Am. Mar. 1, 2006) (https://www.rid.uscourts.gov/sites/rid/files/documents/adr/ADRPlan-030106.pdf). All compromise communications in connection with this court-annexed mediation were and are also protected by Fed. R. Evid. 408.  During the 2024 mediation, the parties supplied written confidential mediation statements and the parties made statements, some of which were *ex parte* and some of which were shared with all parties; some of the statements made described earlier compromise communications among the parties and the United States.  Consistent with my usual practice, I used the Court's remote technology for the mediation sessions.  Also consistent with my usual practice, the mediation sessions were not recorded or "on the record."  The United States did not participate in the first mediation proceeding.  This mediation failed.

---

[4] As noted *infra*, the Court may disclose matters covered by mediation confidentiality as necessary to determine issues presented for decision.  Abdullah v. Evolve Bank & Tr., No. CA 14-131 S, 2015 WL 4603229, at *2 & *2 n.5 (D.R.I. July 29, 2015).  Consistent with Abdullah, disclosure of such matters in this statement of the background to the pending motion is based on my finding that such limited disclosure is necessary to the Court's determination of the pending motion.  See id.

Second, on April 1, 2026, with jury selection scheduled for May 18, 2026, the Court again referred the case to me for a confidential mediation proceeding, again subject to the Court's standing order of confidentiality and Fed. R. Evid. 408.  This time, in addition to the parties – Plaintiff-Relator and Defendants – with the consent of the parties, the United States sought leave to participate in the mediation, to include representatives from the Department of Justice's Civil Division, the United States Attorney's Office for the Northern District of New York (the district from which this case was transferred) (collectively "DOJ"), and HUD.  ECF No. 220.  The motion to permit the participation of the United States was granted by text order on April 3, 2026.  The mediation commenced on April 14, 2026, and continued through April 27, 2026.  In reliance on mediation confidentiality and Fed. R. Evid. 408, the parties and the United States actively participated and made written mediation submissions and statements, some of which were *ex parte* and some of which were shared with all mediation participants.  Some of the statements made described earlier compromise communications among the parties and the United States.  Consistent with my usual practice, I used the Court's remote technology and none of these proceedings were recorded or "on the record," until the very end of the mediation.  This time the mediation did not fail, but rather it terminated with an arrangement pursuant to which the parties and the United States agreed that I should advise the District Court to cancel the Final Pretrial Conference, jury selection and all pending response deadlines.  For the convenience of the Court (consistent with my usual practice) and not for transcription by the participants in the mediation, the recording function of the remote technology was activated and a short recording reflecting the terms of the arrangement was created.  This recording is less than twenty minutes in length.  Following termination of the mediation, I promptly advised the Court of the arrangement (as the parties and the United States agreed that I should).  Based on this advisory,

on April 28, 2026, the Final Pretrial Conference, jury selection and other pending proceedings were cancelled.

On May 11, 2026, the United States filed its notice of intervention and motion to dismiss Plaintiff-Relator's FCA complaint.  ECF No. 246.  On May 13, 2026, Plaintiff-Relator's counsel asked the Clerk's Office for a transcript of the recording made via the Court's remote technology at the end of the mediation proceeding on April 27, 2026.  On May 14, 2026, the participants in the mediation were told that the Court had directed the Clerk's Office not to provide the transcript; the Court reminded the participants that the recording is covered by mediation confidentiality and had been made for the convenience of the Court, not to be transcribed at the request of parties.  The mediation participants were advised that a transcript of the mediation recording would be created and released to them only pursuant to an order of the Court.

## II.    Standard of Review and Applicable Law

With regard to court-annexed mediation confidentiality, this Court has jealously protected the confidentiality of all statements, communications and submissions made in connection with court-annexed mediation proceedings and, by standing court order, has barred disclosure or use of such information.  Mediation confidentiality is mandated by the Court to "encourage[ ] an informal and confidential exchange among counsel, the parties and the ADR provider[ ]," on which mediation participants are entitled to rely.  Paiva v. Salisbury, C.A. No. 69-04192JJM-PAS, 2026 WL 893718, at *2 (D.R.I. Apr. 1, 2026) (alterations in original).  Nevertheless, to avoid manifest injustice, the Court may find that confidentiality no longer protects such of the content of mediation communication as is necessary to the Court's determination of a pending issue.  Abdullah v. Evolve Bank & Tr., No. CA 14-131 S, 2015 WL 4603229, at *2 & *2 n.5 (D.R.I. July 29, 2015); see In re Anonymous, 283 F.3d 627, 639-440 (4th Cir. 2002).  That is,

6

mediation communications may be disclosed based on what is strictly necessary to the Court's determination of a pending motion. Charlene Liberty v. Rhode Island Dep't of Corr., C.A. No. 19-573-JJM-PAS, 2022 WL 18024627, at *3 n.8 (D.R.I. Dec. 30, 2022). This includes to rebut disingenuous assertions by one party about the terms of a settlement or whether there was an agreement. Maccarone v. Siemens Indus., Inc., C.A. No. 20-cv-259-JJM-LDA, 2024 WL 4493563, at *1 (D.R.I. Oct. 15, 2024), aff'd, 165 F.4th 640 (1st Cir. 2026); Abdullah, 2015 WL 4603229, at *2 n.5. In that event, the Court may resolve the dispute by placing a recording of the agreement on the docket under seal and emailing a copy of it to the attorneys for the parties. Maccarone, 2024 WL 4493563, at *1 n.2.

Turning to Fed. R. Evid. 408, the Rule renders inadmissible compromise offers and negotiations, including evidence of a promise to accept certain valuable consideration to compromise a claim, and conduct or statements made during such compromise negotiations. The Rule specifies that compromise evidence may not be admitted either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408(a). However, the Court may admit such evidence for another purpose, such as witness bias or prejudice or to negate a contention of delay. Id. at 408(b). Rule 408 is intended to promote settlement by protecting the parties to a negotiation from adverse consequences when the mediation does not lead to a settlement agreement. Klauber v. VMware, Inc., 80 F.4th 1, 7-8 (1st Cir. 2023); Catullo v. Metzner, 834 F.2d 1075, 1078-79 (1st Cir. 1987). But if there is an agreement, the admission of the evidence of its terms in an enforcement proceeding does not contravene public policy favoring judicial compromise; thus, it would be error to exclude evidence of an oral recitation on the record of the terms of an agreement reached during mediation with a district judge. Id. at 1076, 1079. The "critical inquiry" in considering

7

whether settlement communications are admissible under this Rule is the purpose for which they are being presented. Ares-Pérez v. Caribe Physicians Plaza Corp., 261 F. Supp. 3d 265, 271 (D.P.R. 2017) (internal quotation marks omitted).

**III.    Analysis**

Plaintiff-Relator's motion raises two discrete issues that the Court must address.

First, the Court must answer the relatively simple questions whether the April 27, 2026, recording of the end of the 2026 mediation proceeding should be transcribed; whether the resulting transcript should be provided to the parties; and, if yes as to both, what guardrails should be set for its confidentiality and use. Having participated in that proceeding as mediator, I note that the United States and Defendants contend that Plaintiff-Relator's "proffer" of "imaginings" of what she plans to present to oppose the motion to dismiss is troublingly larded with misstatements, insinuations and half-truths, at least some of which will be dispelled if the portion of the 2026 mediation that was recorded is transcribed and the transcript is in the hands of the parties and the United States. As a practical matter, the transcript would then be available for presentation to the Court if the misstatements, insinuations and half-truths belied by the transcript persist. Having presided over the mediation and having reviewed the Affirmation, I agree. To that extent, I find that manifest injustice would result if the transcript were not available. Accordingly, I find that this is a circumstance where the standing court order of mediation confidentiality should be set aside at least to a limited extent.

Based on this finding, the Court hereby orders that, upon placement of an order for the transcript by Plaintiff-Relator, an expedited transcript shall be created forthwith; that the transcript shall be labeled as "Strictly Confidential Court-Annexed Mediation Proceeding"; and that the transcript shall be docketed under seal with access provided to the attorneys for the

8

parties and the United States (DOJ and HUD) who participated in the mediation.  The Court

further orders that the receiving attorneys must treat the transcript as strictly confidential and

may not disclose it to any other person or entity except for clients and staff as necessary to

provide legal advice to their respective clients.  The Court further orders that the content of the

transcript and/or the transcript itself may be presented to the Court in connection with the

pending motion to dismiss, together with an argument to support the Court's consideration of it

pursuant to Fed. R. Evid. 408.  That is, I find that it would be premature to address the

transcript's admissibility, though some or all of its content may well be found to be admissible

depending on the purpose for which it is presented.

The second issue posed by Plaintiff-Relator's motion is far more complex – that is, the

Court must address her amorphous request that the Court should rule now, at this early stage, that

everything else in this case that is covered by the Court's mediation confidentiality court order

and/or by Fed. R. Evid. 408 may be disclosed to and admitted by the Court in connection with its

determination of the motion to dismiss.  Having acted as mediator twice for this case, I find that

Plaintiff-Relator's motion seeks to open a Pandora's box[5] in that, if the Court grants this aspect

of the motion, and Plaintiff-Relator is allowed to present the confidential mediation/compromise

communications that she alleges support her "imaginings," every confidential

mediation/settlement communication since the case began in 2019 with a conceivable bearing on

the topic would become fair game.  This would not be limited to those communications Plaintiff-

Relator refers to in the Affirmation, but also to others from the 2026 mediation, from the 2024

---

[5] "Pandora's box" is a metaphor referring to something that produces unpredictable or endless results, which may prove harmful.  According to Greek mythology, the god Zeus gave the beautiful Pandora a box, which she was told never to open.  As soon as he was out of sight, Pandora took off the top, and out swarmed all the troubles of the world, never to be recaptured.  Texas Democratic Party v. Scott, 617 F. Supp. 3d 598, 618 & n.14 (W.D. Tex. 2022) (citing https://www.merriam-webster.com/dictionary/Pandora's% 20box), aff'd sub nom. Cascino v. Nelson, No. 22-50748, 2023 WL 5769414 (5th Cir. Sept. 6, 2023).

mediation and from other settlement discussions among the parties and the United States over the years that these FCA claims have been in issue, including that it is likely that discovery would be required to further develop facts to offset Plaintiff-Relator's "imaginings." The resulting free-for-all would require disclosure and use of the full array of compromise statements over the life of this case – all of which were made, whether orally or in writing, in reliance on their remaining confidential and inadmissible. And the inevitable result would be considerable expense, likely prejudice and significant delay. See Travelers Indem. Co. of Connecticut v. Losco Grp., Inc., 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (court should avoid opening up a "Pandora's box" of discovery) (internal quotation marks omitted).

Depending on how the Court interprets what is enough for "good cause" to intervene and what is sufficient to result in dismissal on terms that are proper as required by Fed. R. Civ. P. 41(a), it is conceivable that no settlement or mediation communications (beyond the limited disclosure of the transcript as discussed above) should be permitted to be disclosed and none should be admitted for the Court's consideration. For now, however, I find that it is premature to allow Plaintiff-Relator to open this Pandora's box. Accordingly, to the extent that Plaintiff-Relator seeks blanket leave to disclose more than the 2026 mediation transcript, the motion is denied without prejudice to the presentation by either party or the United States (by a stand-alone motion with time for the filing of opposition and reply as set by the Local Rules or by Order of the Court) of a specific fact learned in a mediation/settlement communication with a specific explanation (focused on the purpose for which it is sought to be used) why the need to avoid manifest injustice requires mediation confidentiality to be stripped away and why Fed. R. Evid. 408 does not bar its admissibility.

## IV.      Conclusion

Based on the foregoing, the portion of Plaintiff-Relator's motion (ECF No. 248/250) that seeks expedited release of a transcript of the recorded portion of a confidential mediation proceeding is hereby GRANTED to the limited extent that the Court orders that the recorded portion of the 2026 mediation may be transcribed on an expedited basis at Plaintiff-Relator's expense and that a copy of it shall be docketed under seal and provided to the participants in the mediation with the limitations set forth above.  The balance of Plaintiff-Relator's motion (ECF No. 248/250), seeking leave to disclose and present to the Court "evidence about settlement discussions to the extent permitted by Fed. R. Evid. 408," is hereby DENIED without prejudice.

Plaintiff-Relator's request (ECF No. 250) for an extension of time to file her response to the United States' notice of intervention and motion to dismiss (ECF No. 246) is hereby GRANTED; Plaintiff-Relator's response is due fourteen days after receipt by her attorneys of the transcript of the recording of the end of the 2026 mediation proceeding.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 30, 2026

11